**In re: AIR CRASH OVER MAKASSAR STRAIT, SULAWESI, INDONESIA, ON JANUARY 1, 2007.**

**MDL No. 2037.**

United States Judicial Panel on Multidistrict Litigation.

June 17, 2009.

Before J. FREDERICK MOTZ, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel \*:** Common defendant The Boeing Co. (Boeing) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the three actions listed on Schedule A in the Northern District of California. The defendant's motion encompasses two actions in the Northern District of Illinois and one action in the Northern District of California.

Another common defendant, Honeywell International, Inc., supports the motion. Plaintiffs in the two Northern District of Illinois actions support centralization of their actions, but suggest the Northern District of Illinois as the transferee district.

After considering the argument of counsel, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the

---

\* Judge Heyburn took no part in the decision of    this matter.

cause or causes of the crash of a Boeing model 737–200 aircraft that disappeared from radar while flying from Surabay on the island of East Java, Indonesia, to Manado on the island of Sulawesi, Indonesia. On January 10, 2007, nine days after the aircraft disappeared, its wreckage was located on the high seas off the coast of Sulawesi. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Either of the two suggested transferee districts, the Northern District of California or the Northern District of Illinois, would be an appropriate transferee forum for this litigation. At least one action is pending in each district, and no action is well progressed. Considerations of convenience and accessibility are comparable between the two metropolitan districts. On balance, we are persuaded that the Northern District of Illinois is preferable. Centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who has not recently received such an assignment and who can steer this litigation on an expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Northern District of Illinois is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*Northern District of California*

  *Jimmy Lendo, et al. v. World Star Aviation, Ltd., et al.,* C.A. No. 3:09–359

*Northern District of Illinois*

  *Sumini, et al. v. The Boeing Co., et al.,* C.A. No. 1:09–549

  *Frans Errain Wuisan, et al. v. The Boeing Co., et al.,* C.A. No. 1:09–556